(No. 2634— ■)

CHARLES M. BRIDIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 11, 1935.*

R. W. HARRIS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein seeks an award of Two Thousand Six Hundred Fifty Dollars ($2,650.00) for land owned by him taken and/or damaged in the course of the construction of a State Aid Road in Williamson County, Illinois.

Complaint recites that condemnation proceedings were duly had in the County Court of Williamson County wherein a portion of the lands in question were condemned for the purpose of being used in the construction of said road, for which an allowance of Four Hundred Dollars ($400.00) for damages was made by the jury in said cause; and a further allowance of Three Hundred Dollars ($300.00) being therein by them made for damages to premises adjoining said tract known as Parcel No. 6.

The complaint further recites that a motion by claimant for a new trial was overruled and exception noted, judgment entered and the verdict approved on the 19th day of July, 1934; that pursuant to the orders entered therein the said sum of Seven Hundred Dollars ($700.00) has been paid to Clara A. Riley as administratrix of the estate of Mary A. Isley, deceased, the latter being the holder of a mortgage upon said

premises. Claimant now contends that he was underpaid for the lands taken in said proceeding and for the lands damaged by said construction, and that said lands have been taken and damaged for public use without just compensation.

The Attorney General on behalf of respondent has filed a motion to dismiss the claim for the reason that said cause has heretofore been adjudicated in a court of general jurisdiction.

Claimant, in his reply brief, concedes that the contention of respondent is true as a matter of law, but urges that an award be allowed "under the rule of equity and good conscience."

Complaint is made in the pleadings that the jury in the County Court of Williamson County was prejudiced against claimant because it was represented to them by the States Attorney, in his final argument, that claimant is a foreigner and not naturalized. The trial court was in a position to consider the remarks of counsel and the trial evidence in the case. Plaintiff therein had his right of appeal. We must accord to the decision of the County Court the strength due to the judgment of a tribunal properly appointed by law for the determination of the matter involved.

"The Court of Claims will not take jurisdiction where the claimant has a remedy in law or in equity in courts of general jurisdiction and will not review the acts and conduct of courts of general jurisdiction."

The Michigan Central R. R. Co. et al., vs. State, 7 C. C. R. 133.

The motion to dismiss is allowed and the claim dismissed.